UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFF SWANSON, On Behalf Of Nominal Defendant, Wave Systems, Corp. <br><br> Plaintiff, <br><br> v. <br><br> STEVEN SPRAGUE, GERARD K. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER, and JOHN E. McCONNAUGHY, JR., <br><br> Defendants, <br><br> v. <br><br> WAVE SYSTEMS CORP., <br><br> Nominal Defendant. | CIVIL ACTION NO. <br><br> 04-30038-KPN <br><br> **SHAREHOLDER DERIVATIVE COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> FILING FEE PAID: <br> RECEIPT # 305521 <br> AMOUNT $ 150.00 <br> BY DPTY CLK MGL <br> DATE 2/20/04 |

Jeff Swanson ("Swanson" or "Plaintiff") by his attorney, submits this Derivative Complaint (the "Complaint") against the Defendants named herein.

## NATURE OF THE ACTION

1. This is a shareholder's derivative action brought for the benefit of Nominal Defendant, Wave Systems Corp. ("Wave Systems" or the "Company") against Defendants Steven Sprague ("Steven Sprague"), Gerard K. Feeney ("Feeney"), John E. Bagalay, Jr. ("Bagalay"), Nolan Bushnell ("Bushnell"), George Gilder ("Gilder"), and John E. McConnaughy, Jr. ("McConnaughy") for their breaches of fiduciary duties through intentional misconduct, abdication of their duties of oversight of the Company and/or gross mismanagement during the Relevant Period - - July 31, 2003 through December 18, 2003.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3. This action is not a collusive one designed to confer jurisdiction on a court of the United States which it would not otherwise have.

4. Venue is proper in this district because nominal Defendant Wave Systems principal place of business is within this district and a substantial portion of the transactions and wrongs complained of herein, occurred within this district.

## PARTIES

5. Plaintiff Jeff Swanson, a citizen and resident of Washington, is and was at all relevant times a shareholder of Nominal Defendant Wave Systems.

6. Nominal Defendant Wave Systems, is a Delaware Corporation with its principal place of business located in Lee, Massachusetts.

7. Defendant Steven Sprague, a citizen and resident of Massachusetts, has been the Chief Executive Officer of the Company since March 2000 and a member of its Board of Directors since 1997. Steven Sprague was Chief Operating Officer of the Company from May 1996 to March 2000. Steven Sprague is the son of Peter J. Sprague ("Peter Sprague"), the founder of the Company and its former long-time Chairman of the Board and Chief Executive Officer. Peter Sprague resigned as Chairman of the Board in March 2003 and currently serves as Chairman of the Board and Chief Executive Officer of Wave Express, the Company's wholly owned subsidiary.

8. Defendant Bagalay, a citizen and resident of Massachusetts, has been a Director of the Company since 1993. Bagalay has been Chairman of the Board of Directors of the Company since March 2003.

9. Defendant Bushnell, a citizen and resident of California, has been a Director of the Company since 1999.

10. Defendant Gilder, a citizen and resident of Massachusetts, has been a Director of the Company since 1993 and the Chairman of the Company's Executive Committee since 1996.

11. Defendant McConnaughy, a citizen and resident of New York, has been a Director of the Company since 1988.

12. Defendant Feeney, a citizen and resident of Massachusetts, has been Senior Vice President of Finance and Administration and Chief Financial Officer of the Company since June 1998 and Secretary of the Company since February 1999.

13. The current Board of Directors of Wave Systems consists of five (5) members, i.e., Steven Sprague, Bagalay, Bushnell, Gilder and McConnaughy. Each of the Directors have been named as Defendants herein. As further alleged herein, the Board is incapable of making an impartial determination as to whether to institute legal proceedings to redress the wrongful conduct alleged herein because there is a substantial likelihood that its members would be found liable for non-exculpated breaches of their fiduciary duties to the Company and shareholders by intentional misconduct and/or completely failing to perform their oversight duties to the Company, failing to oversee the Company's compliance with legally mandated disclosure standards and systemic failure to assure that a reasonable information and reporting system existed.

14. Each of the Defendants, by virtue of their high-level positions with the Company, was privy to confidential proprietary information concerning the Company and its business, operations, growth, financial statements, and financial condition, as alleged herein. Such Defendants were involved in drafting, producing, reviewing, approving, disseminating and/or controlling the dissemination of the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal and state securities laws.

15. Each of the Defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on the Company by disseminating materially false statements and/or concealing material adverse facts or is liable for recklessly permitting the perpetration of such scheme. The scheme deceived the investing public regarding Wave Systems' business, operations, management and the intrinsic value of Wave Systems common stock, causing Wave Systems stock to trade at an artificially inflated price, thus adversely affecting the Company's value, exposing the Company to litigation regarding violations of the federal securities laws, exposing the Company to a Securities and Exchange Commission ("SEC") investigation and compromising the company's ability to secure future business partners and financing.

16. By reason of their corporate positions and their ability to control the business and corporate affairs of Wave Systems, at all relevant times, the Defendants owed Wave Systems and its shareholders fiduciary duties of candor, fidelity, trust and loyalty and were required to use their ability to control Wave Systems in a fair, just and equitable manner, as well as direct and further the best interests of Wave Systems and its shareholders. In addition, each Defendant

owed Wave Systems a fiduciary duty to exercise due care and diligence in the management, oversight and administration of the affairs of the Company.

17. As members of the Board of Directors of Wave Systems and/or senior executive officers, Defendants were directly responsible for authorizing or permitting the authorization of or failing to monitor, the practices which resulted in the violations of the federal securities laws as alleged herein.

## SUBSTANTIAVE ALLEGATIONS

18. Wave Systems is the leader in delivering trusted computing applications and services with advanced products, infrastructure and solutions across multiple trusted platforms from a variety of vendors. Wave Systems holds a portfolio of significant fundamental patents in security and e-commerce applications and employs some of the world's leading security systems architects and engineers.

19. On July 31, 2003, Wave Systems announced an agreement with Intel Corporation ("Intel") that would help enable both companies to accelerate the development and deployment of trusted applications and services for safer computing on personal computer platforms. The agreement would enable Intel to bundle Wave System's software and services with a future Intel desktop motherboard, targeted for trusted computing platforms.

20. On August 4, 2003, Wave Systems further announced the following:

> [T]he new Document Manager Vault and SmartSignature security software applications in Wave Systems' EMBASSY® Trust Suite client software family work with the IBM Embedded Security Subsystem, a hardware and software-based security solution available on select ThinkPad notebooks and ThinkCentre desktops, to create more secure applications for the business user. The compatibility of Wave System's security software applications with IBM's hardware and software security solution is a result of Wave's successful participation in IBM's Independent Software Vendor program. This partnership is another example of IBM's

5

commitment to help independent software vendors use IBM's hardware and software-based security system to make computing as secure as possible for the end-user. "The early stages of any emerging market are critical. IBM has clearly established their leadership in trusted computing with their family of Embedded Security System personal computers," said Lark Allen, executive vice president, Wave Systems. "Wave's partnership with IBM will significantly help us in our objective to deliver open and interoperable solutions to business customers as trusted computing continues to evolve." Leveraging the IBM security chip for personal computers, the Wave System EMBASSY Trust Suite Client Business Edition includes the first of many new applications aimed at business users: Wave's Document Manager Vault and SmartSignature. Wave's EMBASSY Trust Suite represents one of the first portfolios of user software applications, administrative tools, and trust-based systems developed specifically around the new Trusted Computing Group ("TCG") specification.

21. The combined effect of the Defendants' announcements referenced in ¶¶18 and 19 caused Wave Systems stock to soar. Shares of Wave Systems gained 21.1%, or $0.77 per share to close at $4.42 per share on August 4, 2003.

22. On August 5, 2003, Bloomberg reported that "shares of Wave Systems Corp., a developer of online commerce and security technology that said it has enough money to last through Oct. 15, jumped more than five-fold in four days after saying that Intel Corp will use its software." According to Defendant Steven Sprague, "Intel will pay a license fee for bundling the software onto the computer circuit boards that Intel sells[.] ... Those fees typically range from 50 cents to $1.50 per motherboard."

23. Shortly after making the announcements referenced in ¶¶18 and 19, Defendant Feeney sold 100,000 shares of Wave Systems stock at $5.00 per share for proceeds totaling $500,000 on August 5, 2003. On August 6, 2003, Defendant Steven Sprague sold 150,000 shares of Wave Systems stock at $4.10 per share for proceeds totaling $615,000.

24. The statements referenced above in ¶¶18 and 19 and Defendant Steven Sprague's

6

statement in ¶21 were each materially false and misleading because they failed to disclose and misrepresented the following material adverse facts which were known to Defendants or recklessly disregarded by them: (1) that Intel would not be entering into a revenue producing licensing agreement with the Company; (2) that the Intel contract did not require Intel to purchase any software; (3) that IBM was not embedding Wave Systems' software into IBM computers; and (4) that the IBM transaction would provide no direct revenue to the Company.

25. On December 18, 2003, Wave Systems reported that the SEC had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigative order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time.

26. News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003.

27. During the Relevant Period, Defendants materially misled the investing public, thereby inflating the price of Wave Systems' common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Such statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

28. As described herein, during the Relevant Period, Defendants made or caused to be made a series of materially false or misleading statements about Wave Systems' business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Wave Systems and its business,

prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times.

29. As stated above, Defendant Feeney sold 100,000 shares of Wave Systems stock at $5.00 per share for proceeds totaling $500,000 on August 5, 2003 just one day after the Company's announcement concerning its product. On August 6, 2003, Defendant Steven Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

30. Additionally, Defendants were able to complete a $7.1 million private placement on November 19, 2003.

31. Throughout the relevant period, the Defendants disseminated and/or approved the false statements specified above, which they knew were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. Furthermore, the Defendants, Directors and/or high ranking officers of the Company, failed to discharge their responsibilities of oversight of the Company's affairs. Because of the actions described herein, securities class actions have been filed against the Company which have had the effect of impairing the Company's credibility in the market and elsewhere. The Defendants' malfeasance and/or misfeasance has exposed the Company to millions of dollars in liability to investors in class action lawsuits which have been filed against the Company as well as current investigatory and litigation expenses which will continue into the future. Moreover, Defendants Feeney and Steven Sprague have reaped millions of dollars in proceeds resulting from insider stock sales while they were in possession of non-public adverse information concerning the Company.

32. The Company should not have to bear the enormous financial burdens caused by the actions of the Defendants who breached their fiduciary duties owed to Wave Systems by

issuing false and misleading statements for the Company and/or permitting same and completely failing to discharge their oversight responsibilities and/or engaging in improper insider trading.

## DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS

33. Plaintiff brings this action derivatively in the right and for the benefit of Wave Systems to redress injuries suffered and to be suffered by Wave Systems as a result of the breaches of fiduciary duties by the Defendants. This is not a collusive action to confer jurisdiction on this Court which it would not otherwise have.

34. Plaintiff will adequately and fairly represent the interests of Wave Systems and its shareholders in enforcing and prosecuting its rights.

35. Plaintiff is an owner of Wave Systems common stock and was an owner of Wave Systems common stock at all times relevant to the Defendants' wrongful course of conduct alleged herein through the present.

36. As a result of the facts set forth herein, Plaintiff has not made any demand on Wave Systems Board of Directors (consisting of Defendants Steven Sprague, Bagalay, Bushnell, Gilder and McConnaughy) to institute this action against the Defendants. Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action for the following reasons:

   (a) Defendant Steven Sprague is the son of Peter Sprague, the Company's founder and its former Chairman and CEO. Peter Sprague is a Director of uWink.com, Inc. and owns 7% of its common shares. Bushnell is the Chairman and Chief Executive Officer of uWink.com, Inc. Peter and Steven Sprague are long-time friends of Bushnell and Bushnell's company, uWink uses Wave Systems wave chip in uWink's application set and on-line video games. Peter Sprague and Bushnell are members of the Academy of Distinguished Entrepreneurs at Babson College. Bushnell and Peter Sprague are also two of eight members of Meta Market.com's think tank.

(b) Peter Sprague is also a long time friend of Defendant/Director Gilder. Defendants Gilder and Steven Sprague often participate together in technology conferences. For instance, Steven Sprague was a speaker at "The Sixth Annual Gilder/Forbes Telecosm Conference" held September 30-October 2, 2002 at Resort at Squaw Creek, Lake Tahoe, California. Gilder was also a speaker and the moderator. Gilder and Steven Sprague also spoke at the "The Third Annual Gilder/Forbes Storewidth Conference" on March 24-25, 2003 at St. Regis Monarch Beach Resort in Dana Point, California.

(c) Peter Sprague is also a Trustee of the Strang Clinic. Defendant McConnaughy is the Chairman of the Board of Trustees of the Strang Clinic.

(d) Each of the Defendants exhibited a sustained and systemic failure to fulfill their fiduciary duties, which could not have been an exercise of good faith business judgment and amounted to gross negligence and extreme recklessness;

(e) The Defendants had a responsibility and obligation to assure that all press releases and filings of SEC reports were accurate and that all controls and oversight procedures were in place that would have detected and prevented the false and misleading statements put out by the Company to the public that are described in this Complaint;

(f) In order to bring this suit, the Defendants would be forced to sue themselves which they will not do, thereby excusing demand;

(g) Wave Systems has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein; yet, the Defendants have not filed any lawsuits against themselves or other individuals who were responsible for the wrongful conduct which caused the filing of securities class actions against Wave Systems, nor have they attempted to recover from the responsible persons any part of the damages Wave Systems suffered and will suffer thereby or any of the proceeds received by Defendants Steven Sprague and Feeney from wrongful insider stock sales;

(h) If the Defendants were to bring this derivative action against themselves, they would thereby further expose their own negligence and misconduct which underlies allegations against the Company contained in the class action complaints for violations of federal securities law. Such admissions would impair the Company's and Steven Sprague's (a defendant in the class action lawsuits) defense of the Class Actions and greatly increase the

probability of their and the other Defendant Directors personal liability in the Class Actions, in an amount likely to be in excess of any insurance coverage available to the Defendants; and

(i) Because of longstanding business, financial, personal and/or social relationships with each other and with Steven Sprague's father, Peter Sprague, a majority of the Company's directors lack the independence necessary to make an objective determination of whether to institute a lawsuit against the other Defendant officers and directors.

37. Plaintiff has not made any demand on the shareholders of Wave Systems to institute this action since demand would be a futile and useless act for the following reasons:

(a) Wave Systems is a publicly traded company with thousands of shareholders;

(b) Making demand on such a number of shareholders would be impossible for Plaintiff, who has no way of finding out the names, addresses, or telephone numbers of shareholders; and

(c) Making demand on all shareholders would force Plaintiff to incur huge expenses assuming all shareholders could even be individually identified.

38. Wave Systems has expended and will continue to expend significant sums of money as a result of the illegal and improper actions described above. Such expenditures will include, but are not limited to:

(a) Costs incurred to carry out internal investigations, including legal fees paid to outside counsel and experts; and

(b) Costs and legal fees for defending Wave Systems and the Defendants against private class action litigation arising from the illegal and improper conduct alleged herein as well as costs and legal fees incurred in responding to the SEC investigation.

39. In addition, Wave Systems and its shareholders will continue to be damaged by the tarnishment of the Company's reputation and the impairment of its ability to obtain capital through credit and equity markets.

## COUNT I

### DERIVATIVE CLAIM AGAINST ALL DEFENDANTS FOR BREACH OF FIDUCIARY DUTY

40. Plaintiff incorporates by reference and realleges each of the foregoing allegations, as though fully set forth herein.

41. The Defendants breached their fiduciary duties to the Company and its shareholders by failing in their oversight responsibility and by making and/or permitting material false and misleading statements to be made concerning the Company's business prospects and financial condition, which artificially inflated the value of the Company's common stock and resulted in numerous class action lawsuits against the Company and impaired the Company's ability to secure needed capital.

42. The Defendants owe a fiduciary duty to Wave Systems to supervise the issuance of its press releases and public filings to ensure that they are truthful and accurate and that they conform with federal and state securities law. The Defendants breached their fiduciary duties by failing to properly exercise their oversight responsibilities by allowing misleading statements and filings to be issued and made.

43. The Defendants have engaged, knowingly or recklessly, in a sustained and systemic failure to exercise their oversight responsibilities to ensure that Wave Systems complied with federal and state laws and to ensure the integrity of its financial reporting and press releases.

44. As high ranking officers and/or members of the Board of Directors of Wave Systems, the Defendants were directly responsible for authorizing or permitting the authorization of, or failing to monitor, the practices which resulted in violations of the federal securities laws as alleged herein. Each of them had knowledge of and actively participated in and approved of

the wrongdoings alleged or abdicated his responsibilities with respect to these wrongdoings. The alleged acts of wrongdoing subjected Wave Systems to unreasonable risks.

45.  Each of the Defendants' acts in causing or permitting the Company to disseminate to the investing public and the Company's shareholders material misrepresentations and omissions concerning Wave Systems financial condition and current and future business prospects has subjected the Company to liability for violation of federal and state laws, and therefore was not the product of a valid exercise of business judgment and was a complete abdication of their duties as officers and directors of the Company. As a result of the Defendants' breaches, Wave Systems is the subject of major securities fraud class action lawsuits by defrauded investors, an SEC investigation, has had its reputation in the financial markets and business community irreparably tarnished, and has thus been damaged.

## COUNT II

### MISAPPROPRIATION OF CONFIDENTIAL INFORMATION FOR PERSONAL PROFIT ON THE PART OF THE SELLING DEFENDANTS

46.  Plaintiff repeats and realleges each and every allegation contained above with the same force and effect as though fully set forth herein.

47.  The Selling Defendants, Steven Sprague and Feeney at all times relevant hereto, occupied fiduciary positions with Wave Systems that made them privy to confidential material inside information concerning Wave Systems and its operations, including the misrepresentations and omissions alleged herein, senior management's knowledge thereof, and Wave Systems' resulting exposure to injury and liability.

48.  Notwithstanding their duty to Wave Systems to refrain from trading in Wave Systems' common stock on the basis of adverse material non-public information, these

Defendants directed the sale of Wave Systems' stock in violation of such duty and thereby profited.

49. The Selling Defendants sold their shares of Wave Systems stock with knowledge of the adverse information concerning the Company's expected financial results and current and future business prospects as alleged herein. At the time they made such sales, they knew they were in possession of such confidential material inside information which was not known to the general investing public.

50. By reason of their breaches of their fiduciary duties to Wave Systems not to trade on confidential material inside information, the Selling Defendants must account and are liable to Wave Systems for any and all profits unlawfully derived from such trades.

## COUNT III

### CONTRIBUTION AND INDEMNIFICATION

51. Plaintiff repeats and realleges each and every allegation set forth above.

52. Wave Systems is alleged to be liable to various persons, entities and/or classes by virtue of the same facts or circumstances as are alleged herein to give rise to Defendants' liability to Wave Systems.

53. Wave Systems' alleged liability on account of the wrongful acts and practices and related misconduct described above arises, in whole or in part, from the knowing, reckless, disloyal and/or bad faith acts or omissions of the Defendants as alleged above, and Wave Systems is entitled to contribution and indemnification from each of the Defendants in connection with all such claims that have been, are or may in the future be asserted against Wave Systems by virtue of the Defendants' misconduct.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Directing the Defendants to account to the Company for all damages, including improper insider trading proceeds, sustained or to be sustained by the Company by reason of the wrongs alleged herein;

B. Directing the Defendants to pay interest at the highest rate allowable by law on the amount of damages sustained by the Company as a result of Defendants' culpable conduct;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees and expenses; and

D. Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 18, 2004

Alan L. Kovacs (BBO No. 278240)
**LAW OFFICE OF ALAN L. KOVACS**
2001 Beacon Street, Suite 106
Boston, MA 02135
Phone: (617) 964-1177
Fax: (617) 332-1223


William B. Federman
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
Phone: (405) 235-1560
Fax: (405) 239-2112

15

## VERIFICATION

I, Jeff Swanson, declare that I have reviewed the Derivative Complaint ("Complaint") prepared on behalf of Wave Systems, Corp. and I authorize its filing. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and for that reason believe them to be true. I further declare that I am a current holder, and have been a holder, of Wave Systems, Corp. common stock during the time in which the wrongful conduct alleged and complained of in the Complaint was occurring.

_____
Jeff Swanson