**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

JEFF SWANSON, On Behalf Of Nominal Defendant, Wave Systems, Corp.

Plaintiff,

v.

STEVEN SPRAGUE, GERARD K. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER, and JOHN E. McCONNAUGHY, JR.,

Defendants,

v.

WAVE SYSTEMS CORP.,

Nominal Defendant.

Case No. 04-30038-KPN

**AFFIDAVIT OF PROOF OF SERVICE**

Nancy Beatty, of lawful age, after being first duly sworn upon her oath, states as follows:

1. I am a paralegal with the law firm of Federman & Sherwood, who represents the Plaintiff in the referenced matter.

2. On March 31, 2004, an original and one copy each of Waivers of Service of Summons for Defendants Gerard K. Feeney, Steven Sprague, John E. Bagalay, Jr., Nolan Bushnell, George Gilder, and John E. McConnaughy, Jr., was served on their attorney Eunice E. Lee of BINGHAM McCUTCHEN LLP, 150 Federal Street, Boston, Massachusetts, 02110.

3. Attached hereto as collective Exhibit A are the Original Waivers of Service for the above-named Defendants, dated April 5, 2004.

FURTHER, AFFIANT SAYETH NOT.

DATED this 12th day of April, 2004.

Nancy Beatty

Nancy Beatty, Paralegal
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
(405) 235-1560/FAX: (405) 239-2112

Subscribed and sworn to before me this 12th day of April, 2004.

Laura A. Warmack
Notary Public

My commission expires:
August 17, 2004
#00013729

**CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of April 12, 2004, I served the attached document by mailing regular mail postage pre-paid to the following:

Robert A. Buhlman
Eunice E. Lee
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Telephone: (617) 951-8926

Nancy G. Beatty

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman, FEDERMAN & SHERWOOD

I acknowledge receipt of your request that I waive service of summons in the action of Jeff Swanson v. Steven Sprague, et al., (Wave Systems Corp.) which is case number 04-30038-KPN in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 31, 2004, or within 90 days after that date if the request was sent outside the United States.

4/5/04
Date

Signature

Eunice E. Lee
BINGHAM McCUTCHEN LLP

As Attorney of Record for
Defendant Gerard K. Feeney

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman, FEDERMAN & SHERWOOD

I acknowledge receipt of your request that I waive service of summons in the action of Jeff Swanson v. Steven Sprague, et al., (Wave Systems Corp.) which is case number 04-30038-KPN in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 31, 2004, or within 90 days after that date if the request was sent outside the United States.

4/4/04
Date

Signature

Eunice E. Lee
BINGHAM McCUTCHEN LLP

As Attorney of Record for
Defendant Steven Sprague

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO: William B. Federman, FEDERMAN & SHERWOOD

I acknowledge receipt of your request that I waive service of summons in the action of Jeff Swanson v. Steven Sprague, et al., (Wave Systems Corp.) which is case number 04-30038-KPN in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 31, 2004, or within 90 days after that date if the request was sent outside the United States.

4/5/04
Date

Signature

Eunice E. Lee
BINGHAM McCUTCHEN LLP

As Attorney of Record for
Defendant John E. Bagalay, Jr.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO: William B. Federman, FEDERMAN & SHERWOOD

I acknowledge receipt of your request that I waive service of summons in the action of Jeff Swanson v. Steven Sprague, et al., (Wave Systems Corp.) which is case number 04-30038-KPN in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 31, 2004, or within 90 days after that date if the request was sent outside the United States.

4/5/04
Date

Signature

Eunice E. Lee
BINGHAM McCUTCHEN LLP

As Attorney of Record for
Defendant Nolan Bushnell

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman, FEDERMAN & SHERWOOD

I acknowledge receipt of your request that I waive service of summons in the action of Jeff Swanson v. Steven Sprague, et al., (Wave Systems Corp.) which is case number 04-30038-KPN in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 31, 2004, or within 90 days after that date if the request was sent outside the United States.

4/5/04
Date

Signature

Eunice E. Lee
BINGHAM McCUTCHEN LLP

As Attorney of Record for
Defendant George Gilder

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.


# WAIVER OF SERVICE OF SUMMONS

TO: William B. Federman, FEDERMAN & SHERWOOD

I acknowledge receipt of your request that I waive service of summons in the action of Jeff Swanson v. Steven Sprague, et al., (Wave Systems Corp.) which is case number 04-30038-KPN in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 31, 2004, or within 90 days after that date if the request was sent outside the United States.

4/5/04
Date

Eunice E Lee
Signature

Eunice E. Lee
BINGHAM McCUTCHEN LLP

As Attorney of Record for
Defendant John E. McConnaughy, Jr.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.